UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN A TRAILL,

      Plaintiff,

                              CASE NO: 13-13207
                              HONORABLE VICTORIA A. ROBERTS

v.

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**I.    Introduction**

Claimant John Traill ("Traill") appeals the Commissioner of Social Security's denial of his application for Disability Insurance Benefits. The parties filed cross-motions for summary judgment which the Court referred to Magistrate Judge Charles E. Binder.

In a Report and Recommendation ("R&R") dated September 22, 2014, Magistrate Judge Binder recommended Defendant's Motion for Summary Judgment be granted. Traill submitted two objections: (1) improper weight was accorded to the treating physicians' opinions; and (2) the Administrative Law Judge ("ALJ") erred in declining to find Traill's depression and obesity severe. The Commissioner did not

respond.

The Court **ADOPTS** the Report and Recommendation. Defendant's motion for summary judgment is **GRANTED**; Plaintiff's motion for summary judgment is **DENIED**.

## II.     Background

A high school graduate, Traill was previously employed as a welder-fabricator but alleged that bilateral elbow pain prevented him from engaging in most activities. ALJ Skidmore found Traill was not entitled to disability benefits and that he could perform a significant number of light jobs. Magistrate Judge Binder agreed.

## III.    Standard of Review

The district court must conduct a *de novo* review of those portions of the report and recommendation to which an objection has been made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify, in whole or in part, the recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1)(C). After completing a *de novo* review, there is no requirement that the district court articulate all of the reasons it rejects a party's objections. *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001).

## IV.     Discussion

### A.     Treating Source Opinions

Traill says ALJ Skidmore and Magistrate Judge Binder erred by according little weight to the medical source statements from Dr. Jones and Dr. Fitzsimmons. These statements both concluded Traill's elbow pain prevent him from being on task in a competitive work environment and unable to lift ten pounds even occasionally. Dr.

Fitzsimmons said Traill is unable to use his arms for repetitive work.  Dr. Jones concluded he cannot use his arms for more than ten percent of an eight hour workday.  Dr. Jones also thought Traill would likely be absent from work more than three times a month.

The opinion of a treating source must be given controlling weight if two conditions are met.  *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013).  The opinion must be: (1) well-supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) consistent with other substantial evidence in the record.  *Id.* citing 20 C.F.R. § 404.1527(c)(2).  If the ALJ decides not to give the treating source's opinion controlling weight, weight is accorded based on the factors in 20 C.F.R. § 404.1527(c)(2)(i)-(ii), (3)-(6) and § 416.927(c)(2)(i)-(ii), (3)-(6).  These factors are: (1) length of the treatment relationship and the frequency of examination; (2) nature and extent of the treatment relationship; (3) supportability; (4) consistency with the record as a whole; (5) specialization of treating source in relation to the medical issue; and (6) any other factors.  *Id.*

Traill says if this analysis is applied, he would be found disabled.  However, the Court agrees with Magistrate Binder that based on a review of the records, Dr. Jones and Dr. Fitzsimmons's opinions were not sufficiently supported by objective evidence during the relevant time period.

Dr. Fitzsimmons last treated Traill in 2006, and his recent medical source statement is not based on a recent examination.  Furthermore, his medical source statement is a significant departure from his past assessments and conclusions.  In August 2004, Dr. Fitzsimmons examined Traill and found that his elbow had full range

of motion.  Then, Dr. Fitzsimmons thought Traill capable of doing some light work and opined that in the future he might be capable of doing unrestricted work.  He did note the prognosis was poor for complete resolution of pain.  On October 19, 2006, Dr. Fitzsimmons evaluated Traill again.  He found full range of motion in both elbows, with some pain in the left arm.  Dr. Fitzsimmons informed Traill that returning to his previous work could aggravate his condition and that he should consider another type of work.  Fitzsimmons now says, based on no recent examinations, that Traill is unable to use his arms for repetitive work.  The Court agrees the medical source statement is not sufficiently supported by objective evidence.

      Dr. Jones examined Traill more recently than Dr. Fitzsimmons. Traill says Dr. Jones based his medical source statement on years of treatment.  Traill also says Dr. Jones prescribed Vicodin.  ALJ Skidmore discussed the frequency of these visits and found that during multiple visits Traill did not report elbow pain.  In his analysis, the ALJ discussed the dosage and timing of the prescription for Vicodin.  ALJ Skidmore concluded the record does not support Dr. Jones' conclusions.

      Additionally, the medical source statements from Dr. Fitzsimmons and Dr. Jones are inconsistent with other evidence in the record.  As discussed by ALJ Skidmore, Traill was examined by an independent consultant in March 2008 and the evidence was consistent with an ability to perform light work. There was no obvious swelling, redness, or warmth in either elbow.  Range of motion in both elbows was normal. Bilateral shoulders and wrists were normal.  Traill was able to make a fist.

      Traill says ALJ Skidmore failed to apply regulatory factors when determining the amount of weight to accord the medical source statements.  However, ALJ Skidmore

4

wove the factors into his analysis and specifically cited to several of the regulations. The Court finds no error.

Traill makes three additional arguments but does not provide substantive analysis or support. First, Traill challenges the ALJ's credibility determination in a perfunctory manner by saying Skidmore failed to consider Traill's work record.

A credibility determination must be based on consideration of all of the evidence in the record. Soc. Sec. Rul. 96-7p, 1996 WL 374186 at *5. This can include prior work record and efforts to work. *Id.* Since the ALJ based his credibility assessment on numerous factors, any omission by the ALJ to discuss Traill's work record is harmless in light of the substantial evidence supporting his determination.

Trail also says the ALJ failed to consider his "investment dividend in Social Security" when determining credibility. However, Traill provides no explanation or support for this assertion. Furthermore, the Court is confused by his terminology; the Court is not aware of any case discussing an "investment dividend in Social Security" much less one that factored it into a credibility determination. It is possible that Traill meant to refer to the amount of money that he has paid into Social Security over the course of his career. However, the Court will not make such a presumption, particularly since Traill offers no analysis or support for this statement. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *McPherson v. Kelsey*, 125 F.3d 989, 995 (6th Cir. 1997).

Finally, Traill says the ALJ mischaracterized the record and failed to properly consider the affidavit by Traill's mother ("Laura Traill"). Her affidavit says her son has lived with her for the last eight years. He cannot do very many physical activities

5

because his arms cause him so much pain.  Laura Traill says he can only drive for about twenty minutes and a large part of his day is spent in a reclining chair with his arms over his head.  She also says her son does not do household work and that she has to load and unload the groceries.  She says she cannot imagine Traill working a full time job.

An Administrative Law Judge's findings on credibility are accorded "great weight and deference" because they are charged with the duty of "observing a witness's demeanor and credibility."  *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997).  However, despite this deferential standard, an ALJ's assessment of credibility must be supported by substantial evidence.  *Id.*

ALJ Skidmore considered Traill's daily activities and found that they were inconsistent with his allegation that he cannot perform light work.  The record contains evidence Traill is able to handle some household chores, including carrying garbage out, changing the litter box, doing some laundry, carrying light groceries, some self-care, and driving.  While Traill may experience some pain during these activities, the ALJ found that the fact that he does them on a regular basis does not support the level of pain Traill says he experiences.  Nor does it support his statement that he must spend the majority of the day in a recliner with his arms still.  Since Traill said he can carry light groceries and engage in various other activities, ALJ Skidmore gave little weight to the assertion by Traill's mother that it was necessary for her to load and unload their groceries.  At the hearing, Traill did not speak consistently about the effect of pain on his daily activities.  ALJ Skidmore also considered Traill's dosage of Vicodin.

In light of the evidence regarding Traill's daily activities and considering the

deference accorded an ALJ's credibility determination, the Court finds ALJ Skidmore's credibility determination regarding Traill, and decision to accord little weight to statements by his mother, are supported by substantial evidence.

Traill says when all records are read fairly, Traill's bilateral elbow pain meets Listing 1.02B which says in part:

> 1.02 Major dysfunction of a joint(s) (due to any cause): Characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With:
>
> A. Involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b
>
> or
>
> B. Involvement of one major peripheral joint in each upper extremity (i.e., shoulder, elbow, or wrist-hand), resulting in inability to perform fine and gross movements effectively, as defined in 1.00B2c.

20 C.F.R. § Pt. 404, Subpt. P, App. 1.

ALJ Skidmore found that Traill did not meet the listing because his elbow pain did not cause the necessary severity of signs or symptoms. Additionally, Skidmore found Traill able to perform "fine and gross movements" because he was able to feed himself, brush his teeth regularly, bathe, change a litter box, lift small groceries, and operate yard tools.

The Court finds ALJ's determination is supported by substantial evidence.

### B.   Depression and Obesity

Traill says ALJ Skidmore erred in declining to find his depression severe. Traill

raises this objection in a heading only, and does not develop the argument nor offer analysis or support. This perfunctory argument is deemed waived. *McPherson v. Kelsey*, 125 F.3d at 995.

Despite Traill's cursory allegation, the Court did review this objection and finds no error. ALJ Skidmore's finding on Traill's depression is supported by substantial evidence. The ALJ noted that Traill did not report depression in either of his applications for benefits. Dr. Jones prescribed Zoloft to Traill in 2010. The ALJ also considered Traill's testimony that "I have no ambition to do anything anymore" and "it amazes me that I'm still around." The ALJ also considered that he does not try to leave home often and that it is hard for him to concentrate. However, the ALJ determined the weight of the evidence demonstrates that these factors indicate nothing more than a minimal limitation in Traill's ability to perform basic mental work activities. In reaching this conclusion, ALJ Skidmore gave "great weight" to the agency's psychological consultant and the lack of evidence regarding mental health issues or concerns.

Traill says ALJ Skidmore erred in declining to find his obesity severe. Traill says the ALJ did not sufficiently consider his weight under Social Security Ruling 02-1p., and failed to address his increased pain and shortness of breath adequately. Traill says he is five feet eleven and weighed two hundred and eighty pounds on the date of the hearing for a BMI of 39 or Level II obesity.

Traill relies on *Sleight v. Comm'r of Soc. Sec.*, 896 F. Supp. 2d 622 (E.D. Mich. 2012). Although no particular mode of analysis is mandated, an ALJ is directed to consider obesity in combination with other impairments at all stages of the sequential evaluation. *Id.* at 631 and 633. In *Sleight*, claimant testified to multiple impairments

8

including obesity and sleep apnea. *Id.* at 625. The ALJ referenced obesity only when summarizing medical records and did not at minimum, provide a limited discussion on how obesity limits functionality and whether it affects the later steps of analysis. *Id.* The court did not state conclusively whether remand was warranted on this ground since there was also a significant factual error requiring remand based on claimant's sleep apnea.

ALJ Skidmore considered Traill's obesity in connection with his allegations of knee pain and shortness of breath. Although there is no diagnosis from an acceptable medical source with respect to his knees or respiratory system, the ALJ's conclusion that Traill's obesity does not qualify as a severe impairment, is supported by substantial evidence. ALJ Skidmore considered obesity with Traill's other alleged impairments and noted obesity combined with an impaired cardiac or respiratory system may cause an individual to be more limited. Although ALJ Skidmore did not specifically reference obesity in the later stages of the analysis, he did discuss how obesity affected Traill's ability to use his elbows and determined that someone who was obese would not be expected to be more limited with regard to their elbows.

The Court finds obesity was addressed in relation to Traill's other impairments and his ability to work. Traill failed to raise an objection requiring reversal or remand.

## V. Conclusion

The Court **ADOPTS** the Report and Recommendation. Defendant's motion for summary judgment is **GRANTED**; Plaintiff's motion for summary judgment is **DENIED**.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: February 3, 2015

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on February 3, 2015.
>
> S/Carol A. Pinegar
> Deputy Clerk